The State of OHIO, Appellant,

v.

LOMAX, Appellee.

[Cite as *State v. Lomax* (1998), 128 Ohio App.3d 651.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–97–024.

Decided June 26, 1998.

*John Meyers*, Sandusky County Prosecuting Attorney, and *Ronald J. Mayle*, Assistant Prosecuting Attorney, for appellant.

*Jeffrey Gamso*, for appellee.

---

KNEPPER, Judge.

This is an interlocutory appeal by the state of Ohio from the judgment of a three-judge panel in the Sandusky County Court of Common Pleas which found that, on his aggravated murder conviction, appellee, Tazwell J. Lomax, should be sentenced pursuant to R.C. 2929.03(A), which provides for a sentence of life imprisonment. For the following reasons, we reverse the judgment of the three-judge panel.

On June 24, 1996, appellee was indicted on six separate counts: (1) aggravated murder, in violation of R.C. 2903.01(A), with three specifications, (a) that the offense was committed for the purpose of escaping detention, apprehension, trial, or punishment for another offense committed by the offender, (b) that the offense was committed while the offender was committing or immediately after committing aggravated robbery, and (c) that the offense was committed while the offender was committing or immediately after committing rape; (2) aggravated murder while committing or attempting to commit a rape, in violation of R.C. 2903.01(B), with the same specifications as listed in count one; (3) aggravated murder while committing an aggravated robbery, in violation of R.C. 2903.01(B), with the same specifications as listed in the prior counts; (4) voluntary manslaughter, in violation of R.C. 2903.03; (5) rape, in violation of R.C. 2907.02; and (6) aggravated robbery, in violation of R.C. 2911.01.

On April 9, 1997, appellee waived his right to be tried by a jury and elected to be tried by a three-judge panel. The matter proceeded to trial on May 5, 1997. Prior to the trial's commencement, counts two and five were dismissed entirely, and the third specification as to counts one and three was dismissed.

On May 7, 1997, the three-judge panel found appellee not guilty as to count one; guilty as to count three, purposely causing the death of Deanna Jones while committing an aggravated robbery; not guilty as to the first specification to count three; guilty as to the second specification to count three, that the offense was committed while the offender was committing or immediately after committing aggravated robbery; not guilty as to count four; and guilty as to count six, aggravated robbery.

Immediately preceding the sentencing phase, appellee moved the court to be sentenced pursuant to R.C. 2929.03(A), asserting that the second specification to count three of the indictment failed to include the element that appellee was the

"principal offender" or that the offense was committed "with prior calculation and design." Thereafter, the state moved to amend the indictment to include that language of R.C. 2929.04(A)(7). On May 8, 1997, the three-judge panel granted appellee's motion, stating, in part:

"In this case, the Grand Jury could have selected either 'principal offender' or 'prior calculation and design' as the disjunctive conclusion of this conjunctive specification under R.C. 2929.04(A)(7), as the evidence before it showed. The Court cannot presume what the evidence before the Grand Jury was, or what the Grand Jury's intention was, or what the Grand Jury would have done. If the Grand Jury had selected 'prior calculation and design' for the specification at issue, the final verdict on Count One shows that the three-judge panel would have found Defendant not guilty of the specification as well. The three-judge panel cannot infer that the Grand Jury's intention was to indict the Defendant as the 'principal offender.' The Defendant had no notice of the missing element and thus any amendment would prejudice him as well as his counsel in preparing the strategy for his defense.

"Had the defective specification come to the attention of the Court at an earlier time where action of the Court could have remedied any possible prejudice, the three-judge panel could have granted the Defendant a continuance to reassess his defense and strategy."

The state was not permitted to amend the indictment.

On May 14, 1997, appellant, state of Ohio, moved this court for leave to appeal the May 8, 1997 decision of the three-judge panel. Thereafter, on June 5, 1997, the trial court sentenced appellee to a term of not less than ten nor more than twenty-five years on appellee's aggravated robbery conviction. However, because the state had filed an interlocutory appeal, the trial court did not sentence appellee on his aggravated murder conviction. On June 16, 1997, this court granted the state leave to appeal.[1]

Appellant set forth as its sole assignment of error the following:

"The three-judge panel erred in determining that Lomax was to be sentenced in accordance with R.C. § 2929.03(A), thereby dismissing the capital specification."

The state argues that the three-judge panel incorrectly found that appellee did not receive "notice" that he was being charged with a capital crime. The state further argues that this case is controlled by *State v. Esparza* (May 29, 1992),

---

1. On July 1, 1997, we reconsidered our June 16, 1997 decision, because appellee's response had not previously been considered, and reaffirmed our decision to grant the state leave to appeal.

Lucas App. No. L–90–235, unreported, 1992 WL 113827, *State v. Biros* (1997), 78 Ohio St.3d 426, 678 N.E.2d 891, and *State v. Joseph* (1995), 73 Ohio St.3d 450, 653 N.E.2d 285, and, as such, the indictment was sufficient to provide appellee with adequate notice as to the basis of the state's charge. And, finally, the state argues that appellee was not prejudiced by any alleged defect in the indictment.

Appellee argues that he did not have actual notice that he was being prosecuted for capital murder as the principal offender because the specifications did not include such language. Appellee further argues that he raised an objection to the allegedly flawed specification at the only reasonable time, *i.e.,* immediately prior to mitigation. Appellee asserts that the facts in this case are distinguishable from those in *Biros, Esparza,* and *Joseph* because in each of those cases there was a reference in the indictment to R.C. 2929.04(A)(7) or an indication that the specification was a death-penalty specification. And, finally, appellee argues that the reasoning that appellee was not prejudiced because he chose not to defend himself against a charge of being the "principal offender" is specious.

The penalty for aggravated murder is life imprisonment or death. R.C. 2929.02. R.C. 2929.03(A) states that if the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in R.C. 2929.04(A), then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment. In contrast, R.C. 2929.03(C)(2) provides that if a count in the indictment contains one or more specifications of aggravating circumstances listed in R.C. 2929.04(A), and if the offender is found guilty of both the charge and one or more of the specifications, the penalty to be imposed on the offender shall be death, life imprisonment with parole eligibility after serving twenty full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment. When sentencing is pursuant to R.C. 2929.03(C)(2), the sentence shall be determined pursuant to R.C. 2929.03(D) and (E) and shall be determined by either a panel of three judges or by the trial jury and the trial judge.

The specification at issue in this case is found in R.C. 2929.04(A)(7), which states in part:

"(A) Imposition of the death penalty for aggravated murder is precluded, unless one or more of the following is specified in the indictment * * *:

"* * *

"(7) The offense was committed while the offender was committing, attempting to commit, or fleeing immediately after committing or attempting to commit * * * aggravated robbery, * * * and either the offender was the principal

offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design."

█ In this case, the second specification to count three stated that "the offense was committed while the offender was committing or immediately after committing aggravated robbery." Clearly, the language in R.C. 2929.04(A)(7) that "the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design" was not included in the specification. Nevertheless, we find that the language of the specification was sufficient to place appellee on notice that he was being tried for a capital offense. Thus, the state should have been permitted to amend the indictment to include the omitted language.

A trial court is permitted to amend an indictment at any time before, during, or after a trial, pursuant to Crim.R. 7(D), which states:

"The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impanelled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury."

█ The three-judge panel found that appellee "had no notice of the missing element and thus any amendment would prejudice him as well as his counsel in preparing the strategy for his defense." However, based on *State v. Biros*, 78 Ohio St.3d 426, 678 N.E.2d 891, we find that appellee had notice that he was being tried as the principal offender and, therefore, amendment of the indictment was appropriate.

In *Biros*, the defendant contended that "he [was] not statutorily eligible for the death penalty because the specifications of aggravating circumstances alleged in the indictment omitted the language from R.C. 2929.04(A)(7) that 'either the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design.' " *Biros*, 78 Ohio St.3d at 436, 678 N.E.2d at 901. The Ohio Supreme Court, however, found that the absence of such language did not

render the indictment insufficient to sustain a capital charge. Specifically, the court held that the indictment provided Biros with adequate notice of the death penalty specifications with which he was being charged because, as he was the only individual accused of killing the victim, he was, *"ipso facto*, the 'principal offender.'" *Biros*, 78 Ohio St.3d at 438, 678 N.E.2d at 903.

Additionally, the Ohio Supreme Court noted that Biros did not raise the alleged defect in the indictment prior to or during his trial and that had the error been brought to the trial court's attention, it would have properly been subject to amendment pursuant to Crim.R. 7(D).

Although the specifications in this case did not expressly refer to R.C. 2929.04(A)(7), based on the holding in *Biros*, we find that the specifications were sufficient to place appellee on notice that he was being charged with a capital offense and that the omission of the "principal offender" language was not fatal to the indictment's capital offense status. Counts one through three of the indictment contained specifications that followed the language of R.C. 2929.04(A)(7), but for the "principal offender" language. However, appellee was the only individual accused of killing Deanna Jones during the course of an aggravated robbery. As such, according to *Biros*, appellee was *ipso facto* the "principal offender." See *Biros*, 78 Ohio St.3d at 438, 678 N.E.2d at 903. Moreover, appellee, defense counsel, the prosecution, and the three-judge panel treated the indictment as valid throughout the proceedings without noticing any defect in the specifications of the aggravating circumstances until a verdict had been rendered.

Having been constructively placed on notice that he was being tried for a capital offense as the principal offender in the murder of Deanna Jones, because he was the only accused, appellee has failed to show that he was prejudiced in the defense of his case from the omission of the "principal offender" language or that he would have proceeded differently had the error been corrected. Therefore, the indictment is properly subject to amendment pursuant to Crim.R. 7(D). See *Biros*, 78 Ohio St.3d at 438, 678 N.E.2d at 903, citing, *Joseph*, 73 Ohio St.3d at 457, 653 N.E.2d 285.

Accordingly, we find that the trial court erred in not allowing the state to amend the indictment to conform with R.C. 2929.04(A)(7). We also find that the trial court erred in granting appellee's motion to be sentenced pursuant to R.C. 2929.03(A). Appellant's sole assignment of error is therefore found well taken.

The May 8, 1997 judgment of the three-judge panel in the Sandusky County Court of Common Pleas is reversed. This matter is remanded to the trial court to amend the indictment to include the omitted language from R.C. 2929.04(A)(7). It is further ordered that the trial court conduct a mitigation hearing and proceed

with sentencing in accordance with R.C. 2929.03. Costs of this appeal to be paid by appellee.

*Judgment reversed*
*and cause remanded.*

HANDWORK, P.J., and MELVIN L. RESNICK, J., concur.